**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID HARDY,

    Plaintiff,                                CASE NO: 11-13008

vs.                                        DISTRICT JUDGE PATRICK J. DUGGAN
                                              MAGISTRATE JUDGE CHARLES E. BINDER

DIANNA MARBLE, *et al*,

    Defendants.
_____/

**ORDER ON MOTION FOR APPOINTMENT OF COUNSEL**

    This order is entered under the authority given to this Magistrate
Judge in an Order of Reference issued by District Judge Ludington
pursuant to 28 U.S.C. § 636(b)(1)(A).

The *pro se* Plaintiff filed a motion on October 14, 2011 (Doc. 19), asking the Court to appoint an attorney to represent him in this litigation. Except in rare circumstances, it is the practice of this Court to attempt to obtain counsel in civil rights cases filed by prison inmates only after a motion to dismiss or for summary judgment has been denied. The Court takes notice that there are two dispositive motions pending in this litigation.

In addition, although federal district courts have the discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court is to consider the complexity of the factual and legal issues involved, as well as the plaintiff's ability to represent her/himself. *Id.* at 606.

This case is in a very early stage, and Plaintiff's Complaint demonstrates that he has the ability to clearly state his claims. Furthermore, the Court does not find the factual or legal issues to be complex, and Plaintiff has not articulated any exceptional circumstances which would justify the appointment of counsel at this stage of the case.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE** pending determination of the dispositive motions. Should this case survive those dispositive motions, Plaintiff may again file a motion for assignment of counsel.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Dated: February 1, 2012

s/ *Charles E Binder*
CHARLES E. BINDER
United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Allan Soros, and served by first class mail on David Hardy, #159525, Kinross Correctional Facility, 16770 S. Watertower Dr., Kincheloe, MI, 49788-1637.

Date:  February 1, 2012         By     s/*Jean L. Broucek*
                                Case Manager to Magistrate Judge Binder