UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HARDY,

    *Plaintiff*,

v.

DIANNA MARBLE, *et al.*,

    *Defendants*.
                          /

CASE NO. 11-CV-13008

DISTRICT JUDGE PATRICK J. DUGGAN
MAGISTRATE JUDGE CHARLES BINDER

### REPORT AND RECOMMENDATION
### ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
(Doc. 36)
### & RECOMMENDING *SUA SPONTE* DISMISSAL OF DEFENDANT MARBLE

**I.  RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion for Default Judgment be **DENIED** and that Defendant Marble be *sua sponte* **DISMISSED** without prejudice.

**II.  REPORT**

    **A.  Introduction**

Plaintiff David Hardy, a state prisoner currently housed at the Kinross Correctional Facility in Kincheloe, Michigan, filed this *pro se* federal civil rights action under 42 U.S.C. § 1983. On July 20, 2011, Plaintiff's motion to proceed without prepayment of fees and costs was granted by U.S. Magistrate Judge R. Steven Whalen, who also directed that the U.S. Marshal serve the complaint on all defendants. (Docs. 6, 7.) On September 16, 2011, U.S. District Judge Patrick J. Duggan entered an order referring pretrial matters to the undersigned magistrate judge. (Doc. 13.)

Before the Court is Plaintiff's motion seeking a default judgment against Defendant Marble. (Doc. 36.) Pursuant to E.D. Mich. LR 7.1(f)(1), the motion is ready for report and recommendation without oral argument.

**B.     Analysis & Conclusion**

This case was transferred to this district in July 2011 and service on Defendant Marble has still not occurred. The docket shows that the first attempt by the U.S. Marshal to serve documents at the address provided by the Plaintiff was unsuccessful. After receiving information from Michigan Department of Corrections that Defendant Marble was an employee of Prison Health Services (now known as Corizon), a second attempt was made to serve Defendant Marble through that company. (*See* Docket Text Entry dated Aug. 3, 2011.) On August 22, 2011, the U.S. Marshal's Service advised the Court that the waiver of service was returned unexecuted, that Defendant Marble is no longer an employee of Corizon, and that there is no further information as to her whereabouts. (*See* Docket Text Entry dated Aug. 22, 2011.)

Federal rules provide when a plaintiff is proceeding *in forma pauperis*, as is the case here, the U.S. Marshal, upon order of the Court, shall serve the summons and the complaint upon each defendant. Fed. R. Civ. P. 4(c)(3). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994). The Marshal's efforts to locate Defendant Marble and accomplish service have been unsuccessful. Ultimately, however, it is Plaintiff's responsibility to provide the Court with an address at which each defendant can be served and the Court is not in a position to

use its resources to investigate the current location of a person against whom a *pro se* litigant wishes to bring a federal court action.

Accordingly, I suggest that Plaintiff's motion for default judgment against Defendant Marble be **DENIED** and that Defendant Marble be *sua sponte* dismissed from the case without prejudice.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                        s/ Charles E Binder
                                   CHARLES E. BINDER
Dated: July 18, 2012                United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Allan Soros, and served by first class mail on David Hardy, #159525, Kinross Correctional Facility, 16770 S. Watertower Dr., Kincheloe, MI, 49788-1637.


Date:  July 18, 2012                        By    *s/Jean L. Broucek*
                                                    Case Manager to Magistrate Judge Binder