UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID C. HARDY,

    Plaintiff,

v.

DIANNE MARBLE, RN LYNCH, RN
SULLIVAN, RN PETTY, and RN ORTH,

    Defendants.
                                 /

Case No. 11-13008
Honorable Patrick J. Duggan

## OPINION AND ORDER (1) GRANTING DEFENDANT SULLIVAN'S MOTION FOR SUMMARY JUDGMENT; (2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT DIANNE MARBLE; AND (3) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT AGAINST DEFENDANT DIANNE MARBLE

Plaintiff filed this lawsuit against Defendants claiming violations of his civil rights under 42 U.S.C. § 1983. Defendants Petty, Lynch, and Orth filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on September 16, 2011, which this Court granted in an opinion and order issued March 9, 2012. Presently pending before the Court are the following motions addressing the remaining defendants: (1) Defendant Sullivan's motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 on January 12, 2012 (Doc. 22); and (2) Plaintiff's motion for default judgment as to Defendant Dianne Marble, filed June 20, 2012 (Doc. 36). Plaintiff filed a "Brief in Support of Summary Judgment" on February 14, 2012 (Doc. 27), which the Court construes as a response to Defendant Sullivan's motion. The Court has referred

this matter to Magistrate Judge Charles Binder for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

On July 18, 2012, Magistrate Judge Binder filed a Report and Recommendation (R&R) in which he recommends that this Court deny Plaintiff's motion for default judgment as to Defendant Marble and *sua sponte* dismiss her from this lawsuit. (Doc. 38.) Magistrate Judge Binder bases his recommendation on Plaintiff's failure to provide information to allow the U.S. Marshal to effectuate service upon Defendant Marble. She was an employee of Prison Health Services (now known as Corizon), but no longer works there and no further information as to her whereabouts are known. Also on July18, 2012, Magistrate Judge Binder filed an R&R in which he recommends that the Court grant Defendant Sullivan's summary judgment motion based on Plaintiff's failure to exhaust the prison's grievance remedies. (Doc. 39.)

At the conclusion of both R&Rs, Magistrate Judge Binder advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at 7-8; Doc. 38 at 3.) He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*.) Plaintiff filed objections to the R&Rs on August 3, 2012. (Doc. 40).

When objections are filed to a report and recommendation by a magistrate judge on a dispositive matter, the district court "make[s] a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of a report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the district court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

Plaintiff focuses on two primary issues in his objections: (1) the denial of his motion for the appointment of counsel, which he claims is relevant to his ability to locate Defendant Marble; and (2) the power of the magistrate judge where Plaintiff filed a document indicating that he was withholding his consent to the reference. Plaintiff also argues that the untimely filing of his Step III grievance should be excused and not result in the determination that he failed to exhaust his administrative remedies.

In his pleadings, Plaintiff contends that the Michigan Department of Corrections ("MDOC") is "being disingenuous" and "lying" as to Defendant Marble's whereabouts. Plaintiff has no basis to make this assertion, however. The Court is at a loss as to why the Michigan Attorney General would accept service for the remaining defendants but hide the whereabouts of Defendant Marble. According to the docket, Defendant Marble no longer is employed with Corizon (formerly Prisoner Health Services) and no forwarding

information for her is available. At this stage in the proceedings, dismissal of Plaintiff's claims against Defendant Marble under these circumstances is appropriate. Further, because Plaintiff's claims against Defendant Marble are subject to dismissal for the same reasons his claims against the remaining defendants have been dismissed, the Court concludes that he is not entitled to the appointment of counsel even if such appointment could somehow aid him in identifying Defendant Marble's current whereabouts. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citing cases and indicating that "appointment of counsel pursuant to 28 U.S.C. § 1915(d) is not appropriate when a pro se litigant's claims are frivolous . . . or when the chances of success are extremely slim.").

Plaintiff simply is incorrect regarding his interpretation of a magistrate judge's authority under 28 U.S.C. § 636(b). As Magistrate Judge Binder correctly stated in his July 17, 2012 decision denying Plaintiff's motion for reconsideration, consent of the parties is not required to refer a matter to a magistrate judge for a report and recommendation under Section 636(b). (Doc. 37); *see also Holt-Orsted v. City of Dickson*, 641 F.3d 230, 234 (6th Cir. 2011) (comparing 28 U.S.C. §§ 636(b)(1) and (c)(1)).

Finally, even if Plaintiff could show that prison officials somehow interfered with his ability to timely file his Step III grievance, he has not exhausted his administrative remedies with respect to the claim he alleges against Defendant Sullivan in his Complaint. Plaintiff alleges that, on April 27, 2010, Defendant Sullivan retaliated against him for filing a grievance on April 13, 2010, by requiring him to have blood drawn. (

Compl. at 28-29.) The only grievance Plaintiff filed in which Defendant Sullivan is named does not refer to the April 27 incident; rather, it alleges only that Defendant Sullivan "became irate" on June 17, 2010, when Plaintiff asked him for "a couple of packets of Tylenol and/or Motrin." (Doc. 11 Ex. C.)

For these reasons and the reasons stated in Magistrate Judge Binder's R&R's, this Court concurs with Magistrate Judge Binder's recommendations.

Accordingly,

**IT IS ORDERED**, that the reports and recommendations issued by Magistrate Judge Charles Binder on July 18, 2012 (Docs. 38, 39) are **ADOPTED**;

**IT IS FURTHER ORDERED**, that Defendant Sullivan's motion for summary judgment (Doc. 22) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's motion for default judgment as to Defendant Marble (Doc. 36) is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's claims against Defendant Marble are *sua sponte* **DISMISSED WITHOUT PREJUDICE**.

Dated:September 6, 2012         s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT COURT

5

Copies to:
David Hardy, #159525
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788

AAG Allan J. Soros

Magistrate Judge Charles Binder